UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W.J. O'NEIL COMPANY,

    Plaintiff,

v.                                     Case No. 11-12020

SHEPLEY, BULFINCH, RICHARDSON &
ABBOTT, INC., and SMITH SECKMAN REID,
INC.,

    Defendants.

and

SHEPLEY, BULFINCH, RICHARDSON &
ABBOTT, INC.,

    Cross-Claimant,

v.

SMITH SECKMAN REID, INC.,

    Cross-Defendant.
                                         /

**PRELIMINARY SCHEDULING ORDER**

On July 28, 2011, the court conducted a scheduling conference with counsel for the above-captioned case. During the conference, counsel for both Defendants indicated that they would be filing an early dispositive motion, based largely on the record developed at underlying arbitration. Following the resolution of the dispositive motion, if the case survives in whole or in part, the parties agreed that discovery would likely be unnecessary or, at most, limited. The court will therefore not issue a formal scheduling order at this time. Accordingly,

IT IS ORDERED that Defendants shall file their dispositive motion(s)[1] on or before **September 23, 2011**. The motion(s) shall be based, to the extent possible, on a set of stipulated undisputed facts.[2] Plaintiff's response(s) shall be due by **October 28, 2011**, and any optional reply is due by **November 14, 2011**.

The court will conduct a hearing on the motion on **December 7, 2011, at 2:00 p.m.**

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: August 4, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 4, 2011, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522

---

[1] At the time of the conference, Defendants were as of yet undecided whether they would be filing a joint motion or individual motions. While the court leaves such decisions to their discretion, the court encourages counsel to avoid duplication where possible.

[2] Defendants' counsel shall take the initiative in arriving at a stipulated set of facts. Counsel may agree among themselves how best to achieve the end product. Defendants shall incorporate all stipulated undisputed facts into the opening brief, along with any additional proposed facts which have not been stipulated as undisputed—with appropriate factual citations. Plaintiff shall then include in its response brief a reaction to each of Defendants proposed facts, as well as its own proposed facts with factual citations.