UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

W.J. O'NEIL COMPANY,

    Plaintiff,

v.                                            Case No. 11-12020

SHEPLEY, BULFINCH, RICHARDSON &
ABBOTT, INC., and SMITH SECKMAN REID,
INC.,

    Defendants.

and

SHEPLEY, BULFINCH, RICHARDSON &
ABBOTT, INC.,

    Cross-Claimant,

v.

SMITH SECKMAN REID, INC.,

    Cross-Defendant.
_____/

**OPINION AND ORDER DENYING "MOTION TO AMEND/CORRECT JUDGMENT"**

On September 25, 2012, the court issued an "Opinion and Order Granting Defendants' Joint Motion for Summary Judgment and/or Dismissal." Thereafter, Plaintiff W.J. O'Neil Company ("O'Neil") filed a "Motion to Amend/Correct Judgment," pursuant to Federal Rule of Civil Procedure 59(e).[1] The motion is opposed by Defendants

---

[1] Upon review of the substance of the motion, the court construed it as a motion for reconsideration under Local Rule 7.1(h). Plaintiff, however, has since specifically disavowed any intention to file the motion under that provision, relying instead solely on the Federal Rules. (See Dkt. # 36.) As such, the court will analyze the motion under only the Federal Rules, and not the local rules. If the motion had been brought as a motion for reconsideration, it would have been denied as untimely, see E.D. Mich. LR

Shepley, Bulfinch, Richardson & Abbott, Inc. ("SBRA"), and Smith Seckman Reid, Inc. ("SSR"). For the reasons stated below, the court will deny Plaintiff's motion.[2]

## A.  DISCUSSION

The court's previous order set forth the general factual and procedural history of this case. Essentially, this lawsuit is aimed at determining who is at fault for damages associated with the design and construction of the Cardiovascular Center hospital at the University of Michigan in Ann Arbor, Michigan. Defendants worked as the project provided architectural and design services for the project, while O'Neil served as the mechanical contractor, under a subcontract with Barton Malow Company ("Barton Malow"), the construction manager. Previously the parties were all involved in a consolidated arbitration. O'Neil did not pursue claims against SBRA or SSR in the arbitration, but instead asserted a breach of contract claim against Barton Malow. Nonetheless, one element of the breach of contract claim was the implied warranty of accuracy and adequacy of the plans and specifications.

In the court's September 25, 2012 order, the court found that Plaintiff's current claims against Defendants were barred by the doctrine of res judicata, and granted summary judgment to Defendants. In so holding, the court noted that, under Michigan law, "[r]es judicata bars a subsequent action between the same parties when the evidence or essential facts are identical." *Dart v. Dart*, 597 N.W.2d 82, 88 (Mich. 1999)

---

7.1(h)(1), and on the merits for raising the same issues which have previously been ruled upon by the court, E.D. Mich. LR 7.1(h)(3).

[2]On September 12, 2013, Defendant SSR submitted a "supplemental brief" without leave or invitation by the court. No such brief is allowed under the local rules, and will not be considered by the court.

2

(citing *Eaton Co. Bd. of Co. Rd. Comm'rs v. Schultz*, 521 N.W.2d 847 (Mich. Ct. App. 1994)). The subsequent action is barred when (1) the first action was decided on the merits, (2) the matter contested in the second action was or could have been resolved in the first, and (3) both actions involve the same parties or their privies. Id. (citation omitted). The court previously found that all three requirements were met in this case as a matter of law. In its current motion, Plaintiff argues that the third requirement is not met, and the court committed a clear error of law in finding otherwise. The court disagrees.

First, and fundamentally, Plaintiff cannot meet the exacting standard for altering or amending a judgment under Federal Rule of Civil Procedure 59(e). The court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). Northland Ins. Co. v. Stewart Title Guar. Co., 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted); *see also Nagle Industries, Inc. v. Ford Motor Co*., 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw Bay Indian Community v. United States*, 940 F. Supp. 1139, 1141 (W.D. Mich. 1996)). Rule 59(e) motions, however, are "not intended as a vehicle to relitigate previously considered issues" and "are not the proper vehicle to attempt to obtain a reversal of a judgment by offering the same arguments previously presented." *Nagle Industries, Inc.*, 175 F.R.D. at 254 (citations omitted). Yet, Plaintiff attempts to do just that in its current motion. Indeed, Plaintiff does not try to point out an issue that the court somehow overlooked, or argue

3

that the court relied on outdated law, or identify any other mistake in the court's analysis. Rather, Plaintiff simply reasserts its previous arguments and argues that the court just got it wrong. This, however, is not the proper purpose of Rule 59(e), which still allows for the finality of judgments. "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-128 (2d ed.1995)). Plaintiff may continue to litigate this issue on appeal, but the court is not inclined to rehash arguments already submitted, and rejected in the district court level. In any event, the court is no more persuaded by Plaintiff's arguments now as it was the first time around.

Plaintiff argues that the "same parties" test is not met because Plaintiff was not adverse to Defendants in the previous action, and because it was not a privy of Barton Marlow in the prior arbitration. The court held in its summary judgment order that it did not "matter that the alignment of the parties [in the previous arbitrations was] different, or that O'Neil did not assert claim directly against Defendants." (9/25/13 Order at 13-14.) Plaintiff now latches on to this language and argues that this finding mandated a rejection of the res judicata doctrine, contending that res judicata demands that the exact parties were aligned as adverse parties in the previous action. Plaintiff cites various cases for this proposition, but fails to address the salient point-as made by the court in the previous order, and as pointed out by Defendants again now. "Adverse parties have been defined as those who, by the pleadings, are arrayed on opposite sides. Opposite sides in this sense is not restricted to the plaintiffs against defendants,

4

since codefendants having a controversy Inter se may come within such classification." *Gomber v. Dutch Maid Dairy Farms, Inc.*, 202 N.W.2d 566, 570 (Mich. Ct. App. 1972) (citing *Cook v. Kendrick*, 167 N.W.2d 483 (Mich. Ct. App. 1969)).

The doctrine is not so simple, as Plaintiff suggests, as restricting res judicata only to parties who asserted a claim against one another. As SBRA articulates, in arbitration, Plaintiff "pursued claims specifically directed towards and hostile to" Defendants, asserting that the designs were inadequate and defective, and the "arbitrators expressly determined that the project delays and coordination failures were caused by design defects and awarded" Plaintiff damages to that effect. (SBRA Resp. at 7.) As such, the parties were indeed adverse in the prior arbitration, as the court stated in its previous order, finding that "all the same parties were involved in the prior arbitration and that their interests were adverse in that arbitration. Defendants in the prior action had identical interests with Barton Malow in defending against O'Neil's contentions that the design was defective and the services provided by the design team inadequate." (9/25/13 Order at 14.)

This is particularly true given that, as the court stated in its summary judgment order, "Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Dart*, 597 N.W.2d at 88 (citing *Gose v. Monroe Auto Equip. Co.*, 294 N.W.2d 165 (Mich. 1980)). Under Michigan's broad application of res judicata, and the (identical) issues involved in the prior arbitration and this case, Defendants' motion for summary judgment was properly granted.

In short, the court is not persuaded that the previous judgment must be amended or altered due to any "clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999 ).  The court remains persuaded that res judicata bars this litigation, and Plaintiff cannot utilize Rule 59 to again assert its previous arguments in an attempt to reopen a closed matter.

### B.  CONCLUSION

IT IS ORDERED that Plaintiff's "Motion to Amend/Correct Judgment" [Dkt. # 33] is DENIED. Plaintiff's "Motion for Reconsideration" [Dkt. # 36] which is actually a clarification that it seeks consideration only under Federal Rule of Civil Procedure 59(e), is TERMINATED at moot.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 30, 2013, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\11-12020.O'Neil.Reconsideration.2.wpd